JOSEPH T. MCNALLY
Acting United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
KRISTIN N. SPENCER (Cal. Bar No. 294692)
Assistant United States Attorney
Orange County Office
     8000 United States Courthouse
     411 West Fourth Street
     Santa Ana, California 92701
     Telephone: (714) 338-3531
     Facsimile: (714) 338-3708
     E-mail:    kristin.spencer@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>              v.<br><br>JAMAAL NEAL CURRY,<br>     aka "Solo,"<br><br>         Defendant. | No. SA CR 24-000008-DOC<br><br>PLEA AGREEMENT FOR DEFENDANT<br>JAMAAL NEAL CURRY |

1.   This constitutes the conditional plea agreement between JAMAAL NEAL CURRY ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case pursuant to Federal Rule of Criminal Procedure 11(a)(2).  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to the indictment in United States v. Jamaal Neal Curry, SA CR No. 24-000008-DOC, which charges defendant with Transportation of a Minor in Interstate Commerce for Prostitution in violation of 18 U.S.C. § 2423(a).

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.   Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h.   Not oppose the imposition of a term of supervised release of at least five (5) years under the following terms and conditions of probation or supervised release:

i.   Within three (3) days of release from prison, defendant shall register as a sex offender, and keep the registration current, in each jurisdiction where defendant resides, is employed, and is a student, pursuant to the registration procedures that have been established in each jurisdiction.  When registering for the

2

first time, defendant shall also register in the jurisdiction in which the conviction occurred if different from defendant's jurisdiction of residence. Defendant shall provide proof of registration to the United States Probation & Pretrial Services Office (the "Probation Office") within 48 hours of registration.

ii.  Defendant shall participate in a psychological counseling or psychiatric treatment or a sex offender treatment program, or any combination thereof as approved and directed by the Probation Office. Defendant shall abide by all rules, requirements, and conditions of such program, including submission to risk assessment evaluations and physiological testing, such as polygraph and Abel testing. Defendant retains the right to invoke the Fifth Amendment.

iii. Immediately following sentencing, defendant shall report directly to the Probation Office for instructions regarding the registration requirements created by the Adam Walsh Child Protection and Safety Act of 2006.

iv.  As directed by the Probation Office, defendant shall pay all or part of the costs of psychological counseling or psychiatric treatment, or a sex offender treatment program, or any combination thereof to the aftercare contractor during the period of community supervision. Defendant shall provide payment and proof of payment as directed by the Probation Office. If defendant has no ability to pay, no payment shall be required.

v.  Defendant shall not view or possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games, depicting, or describing child pornography, as defined in 18 U.S.C. § 2256(8), or sexually explicit

3

conduct depicting minors, as defined at 18 U.S.C. § 2256(2).  This condition does not prohibit defendant from possessing materials solely because they are necessary to, and used for, a collateral attack, nor does it prohibit defendant from possessing materials prepared and used for the purposes of defendant's Court-mandated sex offender treatment when defendant's treatment provider or the probation officer has approved of defendant's possession of the material in advance.

vi.  Defendant shall not own, use, or have access to the services of any commercial mail-receiving agency, nor shall defendant open or maintain a post office box, without the prior written approval of the Probation Office.

vii. Defendant shall not contact the victim(s), by any means, including in person, by mail or electronic means, or via third parties.  Further, defendant shall remain at least 100 yards from the victim(s) at all times.  If any contact occurs, defendant shall immediately leave the area of contact and report the contact to the Probation Office.

viii.    Defendant shall not enter, or loiter, within 100 feet of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, amusement and theme parks, or other places primarily used by persons under the age of 18, without the prior written authorization of the Probation Office.

ix.  Defendant shall not associate or have verbal, written, telephonic, or electronic communication with any person under the age of 18, except: (a) in the presence of the parent or legal guardian of said minor; and (b) on the condition that defendant notify said parent or legal guardian of defendant's conviction in the

4

instant offense/prior offense.  This provision does not encompass persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., whom defendant must interact with in order to obtain ordinary and usual commercial services.

x.  Defendant shall not affiliate with, own, control, volunteer, or be employed in any capacity by a business or organization that causes defendant to regularly contact persons under the age of 18.

xi.  Defendant shall not affiliate with, own, control, volunteer or be employed in any capacity by a business whose principal product is the production or selling of materials depicting or describing "sexually explicit conduct," as defined at 18 U.S.C. § 2256(2).

xii. Defendant's employment shall be approved by the Probation Office, and any change in employment must be pre-approved by the Probation Office.  Defendant shall submit the name and address of the proposed employer to the Probation Office at least ten (10) days prior to any scheduled change.

xiii.   Defendant shall not reside within direct view of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18.  Defendant's residence shall be approved by the Probation Office, and any change in residence must be pre-approved by the Probation Office.  Defendant shall submit the address of the proposed residence to the Probation Office at least ten days prior to any scheduled move.

xiv. Defendant shall submit to a search, at any time, with or without warrant, and by any law enforcement or probation

officer, of defendant's person and any property, house, residence, vehicle, papers, computers, cellphones, other electronic communication or data storage devices or media, email accounts, social media accounts, cloud storage accounts, effects and other areas under defendant's control, upon reasonable suspicion concerning a violation of a condition of supervision or unlawful conduct by defendant, or by any probation officer in the lawful discharge of the officer's supervision functions.

xv.  Defendant shall not view or possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games, depicting or describing child erotica, which is defined as a person under the age of 18 in partial or complete state of nudity, in sexually provocative poses, viewed for the purpose of sexual arousal.

xvi. Upon release from custody, defendant shall submit to a psycho-sexual evaluation approved and directed by the Probation Officer.  Defendant shall abide by all rules, requirements, and conditions, of such an assessment, including submission to risk assessment evaluation, and physiological testing, such as polygraph, and Abel testing, to determine if defendant is a risk for sexual re-offending, in need of additional conditions of supervision and sex offender specific treatment.  As directed by the Probation Office, defendant shall pay all or part of the costs of the evaluation to the aftercare contractor during the period of community supervision. Defendant shall provide payment and proof of payment as directed by the Probation Office.  If defendant has no ability to pay, no payment shall be required.

xvii.     Defendant shall participate in an evaluation by a trained professional, approved by the Probation Office, to assess defendant's risk to the community as a sex offender.  The evaluation may include physiological testing, such as polygraph and Abel testing.  The Court authorizes the Probation Office to disclose the Presentence Report, and any previous mental health evaluations or reports, to the evaluation provider.  As directed by the Probation Office, defendant shall pay all or part of the costs of the sex offender risk evaluation to the aftercare contractor during the period of community supervision.  Defendant shall provide payment and proof of payment as directed by the Probation Office.  If defendant has no ability to pay, no payment shall be required.

xviii.     Defendant shall possess and use only those digital devices, screen usernames, email accounts, social media accounts, messaging applications, and cloud storage accounts, as well as any passwords or passcodes for all such digital devices and accounts, that have been disclosed to the Probation Office upon commencement of supervision.  Any new devices, accounts, applications, passwords, or passcodes are to be disclosed to the Probation Office prior to the first use.  A digital device is any electronic system or device that can access, view, obtain, store, or transmit visual depictions of sexually explicit conduct involving children.

xix. All computers, computer-related devices, and their peripheral equipment, used by defendant shall be subject to search, seizure and computer monitoring.  This shall not apply to items used at the employment site that are maintained and monitored by the employer.

1     xx. Defendant shall comply with the rules and

2 regulations of the Computer Monitoring Program. Defendant shall pay

3 the cost of the Computer Monitoring Program. If defendant has no

4 ability to pay, no payment shall be required.

5     i. Defendant understands that defendant will be required

6 to pay full restitution to the victim(s) of the offenses to which

7 defendant is pleading guilty. Defendant agrees that, in return for

8 the USAO's compliance with its obligations under this agreement, the

9 Court may order restitution to persons other than the victim(s) of

10 the offenses to which defendant is pleading guilty and in amounts

11 greater than those alleged in the counts to which defendant is

12 pleading guilty. In particular, defendant agrees that the Court may

13 order restitution to any victim of any of the following for any

14 losses suffered by that victim as a result: (a) any relevant conduct,

15 as defined in U.S.S.G. § 1B1.3, in connection with the offenses to

16 which defendant is pleading guilty; and (b) any counts dismissed and

17 charge not prosecuted pursuant to this agreement as well as all

18 relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with

19 those counts and charges.

20   3. Defendant and the USAO agree that defendant's entry of a

21 guilty plea pursuant to paragraph 2(a) above will be conditional, in

22 that defendant reserves the right, on appeal from the judgment, to

23 seek review of the adverse determination of defendant's motion to

24 suppress evidence filed at docket number 32. If defendant prevails

25 on appeal, defendant will be allowed to withdraw defendant's guilty

26 plea.

27        THE USAO'S OBLIGATIONS

28   4. The USAO agrees to:

8

a.    Not contest facts agreed to in this agreement.

b.    Abide by all agreements regarding sentencing contained in this agreement.

c.    At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

d.    Recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range, provided that the offense level used by the Court to determine that range is 27 or higher and provided that the Court does not depart downward in offense level or criminal history category.  For purposes of this agreement, the low end of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.

NATURE OF THE OFFENSE

5.    Defendant understands that for defendant to be guilty of the crime charged in the indictment, that is, Transportation of a Minor for Prostitution, in violation of 18 U.S.C. § 2423(a), the following must be true: (1) defendant knowingly transported a person from Nevada to California; (2) defendant did so with the intent that the person engage in prostitution; and (3) the person was under the age of eighteen years at the time.  The government is not required to

prove that the defendant knew that the person was under the age of eighteen years at the time of the offense.[1]

### PENALTIES AND RESTITUTION

6.    Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of 18 U.S.C. § 2423(a), is: 10 years' imprisonment; a five-year term of supervised release; and a mandatory special assessment of $100.

7.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. § 2423(a), is: life imprisonment; a life term of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

8.    Defendant understands that, pursuant to the Justice for Victims of Trafficking Act of 2015, the Court shall impose an additional $5,000 special assessment if the Court concludes that defendant is a non-indigent person, to be paid after defendant's other financial obligations have been satisfied.

9.    Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

---

[1] See United States v. Taylor, 239 F.3d 994, 996 (9th Cir. 2001).

10.    Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.    Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.    Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

11.    Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.    Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.    Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status.    Defendant nevertheless affirms that he wants to plead guilty

regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

12.   Defendant understands that defendant will be required to pay full restitution to the victim of the offense to which defendant is pleading guilty.

<u>FACTUAL BASIS</u>

13.   Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 14 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Between November 17, 2023 and November 19, 2023, defendant was a "pimp" for an individual, Minor Victim 1, in Las Vegas, Nevada. Specifically, during that time, Minor Victim 1 engaged in commercial sex acts in Las Vegas, Nevada and provided the proceeds of those commercial sex acts to defendant.  Minor Victim 1 met defendant in Las Vegas, Nevada and did not tell defendant her real name, date of birth, or age.

On or about November 19, 2023, defendant exchanged text messages with Minor Victim 1 regarding defendant's intent to travel with Minor Victim 1 from Las Vegas, Nevada to the state of California in order for Minor Victim 1 to engage in prostitution in California. Specifically, defendant sent Minor Victim 1 a text message that read, in part, "we going to go to Cali to hit the blade out there make it

add up." As defendant then knew, "blade" is a term used in the pimping and pandering subculture to refer to a geographic area known for prostitution. When defendant told Minor Victim 1 that they were going to "hit the blade" in "Cali" to "make it add up", he meant that Minor Victim 1 was going to engage in prostitution in California in order to earn money.

Later on or about November 19, 2023, defendant drove with Minor Victim 1 from Las Vegas, Nevada to San Bernardino, California. Defendant and Minor Victim 1 stayed at a motel in San Bernardino from November 19, 2023 until November 20, 2023. On or about November 20, 2023, defendant continued driving with Minor Victim 1 from San Bernardino, California to Mission Viejo, California.

When defendant drove Minor Victim 1 from Nevada to California, he intended for Minor Victim 1 to engage in prostitution in California. At the time defendant drove Minor Victim 1 from Nevada to California in order for her to engage in prostitution, Minor Victim 1 was fifteen years old.

<u>SENTENCING FACTORS</u>

14. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds

appropriate between the mandatory minimum and the maximum set by statute for the crime of conviction.

15. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 28 | U.S.S.G. § 2G1.3(a)(3) |
| Commercial Sex Act: | | U.S.S.G. |
| | +2 | § 2G1.3(b)(4)(A)(ii) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

16. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

17. Defendant understands that by pleading guilty, defendant gives up the following rights:

        a.    The right to persist in a plea of not guilty.

        b.    The right to a speedy and public trial by jury.

        c.    The right to be represented by counsel – and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the Court appoint counsel – at every other stage of the proceeding.

d.    The right to be presumed innocent and to have the
burden of proof placed on the government to prove defendant guilty
beyond a reasonable doubt.

e.    The right to confront and cross-examine witnesses
against defendant.

f.    The right to testify and to present evidence in
opposition to the charges, including the right to compel the
attendance of witnesses to testify.

g.    The right not to be compelled to testify, and, if
defendant chose not to testify or present evidence, to have that
choice not be used against defendant.

h.    Any and all rights to pursue any affirmative defenses,
Fourth Amendment or Fifth Amendment claims, and other pretrial
motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

18.    Defendant understands that, with the exception of an appeal
based on a claim that defendant's guilty plea involuntary, or an
appeal on the grounds specifically reserved in paragraph 3 above, by
pleading guilty defendant is waiving and giving up any right to
appeal defendant's conviction on the offense to which defendant is
pleading guilty.    Defendant understands that this waiver includes,
but is not limited to, arguments that the statute to which defendant
is pleading guilty is unconstitutional, and any and all claims that
the statement of facts provided herein is insufficient to support
defendant's plea of guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

19.    Defendant agrees that, provided the Court imposes a total
term of imprisonment on all counts of conviction of no more than 162

months, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7); and any conditions of probation or supervised release agreed to by defendant in paragraph 2 above.

20.   The USAO agrees that, provided (a) all portions of the sentence are at or above the statutory minimum and at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than 130 months, the USAO gives up its right to appeal any portion of the sentence, with the exception that the USAO reserves the right to appeal the amount of restitution ordered.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

21.   Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then the USAO will be relieved of all of its obligations under this agreement.

16

### EFFECTIVE DATE OF AGREEMENT

22.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

### BREACH OF AGREEMENT

23.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

### COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

24.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

25.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information

17

1  to the United States Probation and Pretrial Services Office and the

2  Court, (b) correct any and all factual misstatements relating to the

3  Court's Sentencing Guidelines calculations and determination of

4  sentence, and (c) argue on appeal and collateral review that the

5  Court's Sentencing Guidelines calculations and the sentence it

6  chooses to impose are not error, although each party agrees to

7  maintain its view that the calculations in paragraph 14 are

8  consistent with the facts of this case.  While this paragraph permits

9  both the USAO and defendant to submit full and complete factual

10  information to the United States Probation and Pretrial Services

11  Office and the Court, even if that factual information may be viewed

12  as inconsistent with the facts agreed to in this agreement, this

13  paragraph does not affect defendant's and the USAO's obligations not

14  to contest the facts agreed to in this agreement.

15      26.  Defendant understands that even if the Court ignores any

16  sentencing recommendation, finds facts or reaches conclusions

17  different from those agreed to, and/or imposes any sentence up to the

18  maximum established by statute, defendant cannot, for that reason,

19  withdraw defendant's guilty plea, and defendant will remain bound to

20  fulfill all defendant's obligations under this agreement.  Defendant

21  understands that no one -- not the prosecutor, defendant's attorney,

22  or the Court -- can make a binding prediction or promise regarding

23  the sentence defendant will receive, except that it will be between

24  the statutory mandatory minimum and the statutory maximum.

25                    <u>NO ADDITIONAL AGREEMENTS</u>

26      27.  Defendant understands that, except as set forth herein,

27  there are no promises, understandings, or agreements between the USAO

28  and defendant or defendant's attorney, and that no additional

1  promise, understanding, or agreement may be entered into unless in a

2  writing signed by all parties or on the record in court.

3                    PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

4        28.   The parties agree that this agreement will be considered

5  part of the record of defendant's guilty plea hearing as if the

6  entire agreement had been read into the record of the proceeding.

7  AGREED AND ACCEPTED

8  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF
9  CALIFORNIA

10 JOSEPH T. MCNALLY
   Acting United States Attorney

11

12                                                    2/5/2025
   _____          _____
13 KRISTIN M. SPENCER                        Date
   Assistant United States Attorney

14                                                     2/5/2025
   _____          _____
15 JAMAAL NEAL CURRY                         Date
   Defendant

16                                                    2/5/2025
   _____          _____
17 SHEILA MOJTEHEDI                          Date
   Attorney for Defendant JAMAAL NEAL
18 CURRY

19

20

21

22                          CERTIFICATION OF DEFENDANT

23      I have read this agreement in its entirety.  I have had enough

24 time to review and consider this agreement, and I have carefully and

25 thoroughly discussed every part of it with my attorney.  I understand

26 the terms of this agreement, and I voluntarily agree to those terms.

27 I have discussed the evidence with my attorney, and my attorney has

28 advised me of my rights, of possible pretrial motions that might be

                                    19

filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

X _____
JAMAAL NEAL CURRY
Defendant

2/5/2025
Date

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am JAMAAL NEAL CURRY's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this

20

1  agreement is an informed and voluntary one; and the factual basis set

2  forth in this agreement is sufficient to support my client's entry of

3  a guilty plea pursuant to this agreement.

4  _____                    2 / 5 / 2025
                                                      Date
5  SHEILA MOJTEHEDI
   Attorney for Defendant JAMAAL NEAL
6  CURRY

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28